IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN ALBERTO PAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-065 |
| ) | |
| STACY N. STONE, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate incarcerated at McRae Correctional Institution ("McRae") in McRae, Georgia, commenced the above-captioned civil rights case and is proceeding *in forma pauperis* ("IFP"). Before the Court is Plaintiff's motion for an emergency injunction (doc. no. 17), which the Court **REPORTS** and **RECOMMENDS** be **DENIED**.

### I. DISCUSSION

Plaintiff alleges the same facts that are the subject of his complaint, namely that prison staff are not adequately treating his hernias. (Doc. no. 17.) Plaintiff states that he is in constant pain and, although he has gone to medical several times, medical staff refuses to provide "any further medical care." (Id. at 1.) As in his complaint, Plaintiff ultimately wants his hernias to be treated with surgery instead of the non-invasive methods currently being used. (Id.) Plaintiff requests that the Court issue an order requiring Defendants to "provide adequate medical attention," "evaluate his documented hernias," and "cease providing the Plaintiff with the protracted and inadequate medication to which is causing pains in Plaintiff'

livers [sic] and lower back." (Id. at 1-2.)

Defendants counter these averments with the Affidavit of Stacy Giles, a licensed registered nurse and the Health Services Administrator at McRae Correctional Facility. (Doc. nos. 18, 18-2 ("Giles Aff.").) Ms. Giles details the history of Plaintiff's medical appointments related to his hernias dating back to his arrival at McRae in March 2013. Stated succinctly, medical professionals at McRae have evaluated Plaintiff's hernia condition in response to his repeated requests on at least fifteen occasions in the past sixteen months. This includes, most recently, a focused hernia evaluation performed by Dr. Joan Ray on July 21, 2014. (Giles Aff. ¶ 7.) Dr. Roy concluded that surgery is unnecessary at this time because "the right side hernia has done well with the hernia belt and there is no left side clinical hernia to note." (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing U.S. v. Jefferson Cnty., 720 F.2d. 1511, 1519 (11th Cir. 1983)).

Plaintiff has not satisfied any of the four elements. First, Plaintiff has offered nothing

to suggest a likelihood of success on the merits. Although the Court screened the complaint and found Plaintiff's allegations were arguably sufficient to state a claim (doc. no. 7), success on the merits presents a much higher hurdle. It is unlikely that Plaintiff will prevail in this action in light of Ms. Giles' affidavit, which itemizes fifteen medical appointments since March 2013 and describes Dr. Roy's most recent finding that surgery is unnecessary because there is no hernia on the left side and the right-side hernia is mild and sufficiently treated with a hernia belt and pain medication.

Second, Plaintiff has failed to establish a substantial threat of irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Here, Plaintiff asserts he is in pain but does not allege he will suffer irreparable injury if the injunction is not granted. (Doc. no. 17, pp. 1-3.) Furthermore, the Court credits Ms. Giles' statement that Plaintiff will likely not suffer any injury at all because he does not need surgery, and any pain is adequately remedied by the medication prescribed by Dr. Roy. (Doc. no. 18, p. 2.)

Third, the threatened injury to Plaintiff is, at most, mild pain that can be alleviated with the prescribed medication, which does not outweigh the damage Defendants will suffer

if forced to expend limited financial resources on a surgery that appears to be unnecessary.

Finally, the proposed injunction would be adverse to the public interest.  Defendant argues that, were the Court to grant Plaintiff's request, it would "disserve the public interest by having the courts unduly intrude upon both the operation of prisons and the delivery of medical care."  (Doc. no. 18, p. 3.)  Indeed, federal courts should refrain from unwarranted interference in the day-to-day operations of prisons.  See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973).  This is especially true here in light of Ms. Giles' testimony that prison medical professionals have evaluated Plaintiff's hernia condition on fifteen occasions in the past sixteen months and repeatedly determined that surgery is unnecessary.  (See generally Giles Aff.)

## II.     CONCLUSION

In sum, Plaintiff has failed to satisfy any of the required elements for the injunction he seeks.  Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an emergency injunction be **DENIED**.  (Doc. no. 17.)

SO REPORTED and RECOMMENDED this 19th day of August, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA