IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JUAN ALBERTO PAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-065 |
| | ) | |
| STACEY N. STONE, Warden, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at McRae Correctional Facility ("MCF"), commenced the above-captioned civil rights case, and proceeds *in forma pauperis* ("IFP"). Before the Court is Defendants' motion for summary judgment. (Doc. no. 19.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** (doc. no. 19), a final judgment be **ENTERED** in favor of Defendant, and this civil action be **CLOSED**.

I.  **FACTS**

Plaintiff filed this case on September 3, 2013 against Stacy N. Stone, Warden at MCF, and Stacy Giles, Health Services Administrator at MCF. (See doc. no. 1, pp. 1, 7.) Plaintiff alleges he suffers from bilateral inguinal hernias that cause excruciating pain, and prison officials have been deliberately indifferent because they refuse him surgery and opt to treat the condition by assigning him a lower bunk, instructing him to wear a hernia truss, and giving him pain medication. (Id. at 10.) Plaintiff alleges that Defendant Giles denied his request for surgery on

behalf of MCF's utilization review committee, and that Defendant Stone denied Plaintiff's appeal of this decision. (Id. at 10-12.) Construing these complaint allegations liberally in favor of Plaintiff, the Court allowed the case to proceed past the initial screening stage by Order dated September 27, 2014.

Now that the case is at the summary judgment stage, the evidentiary record and undisputed facts provide a more detailed picture of Plaintiff's medical care and condition. Before describing the summary judgment record, it is important to note that where Plaintiff has failed to properly dispute a material fact in Defendants' statement, the Court has deemed that fact undisputed pursuant to Fed. R. Civ. P. 56(e) and Williams v. Slack, 438 F. App'x 848, 849 (11th Cir. 2011).

By sworn declaration dated July 31, 2014, Dr. Joan Roy provided the Court with a succinct yet detailed explanation of Plaintiff's medical condition and the history of his medical treatment and evaluation at MCF. (Decl. Roy.) Dr. Roy is a primary care physician with thirty-three years of experience, and he has served as MCF's clinical medical director for the past twelve years. (Decl. Roy, ¶ 2.)

Plaintiff's bilateral hernias emerged before his March 28, 2014 transfer to MCF from Fort Dix Federal Correctional Institute. (Doc. no. 1, p. 9; doc. no. 19, p. 2.) Twelve days after the transfer, an MCF physician's assistant evaluated Plaintiff on April 9, 2013 and confirmed the presence of the hernias, instructed Plaintiff to wear a hernia truss, gave him pain medication, and assigned him to a lower bunk. (Decl. Roy, ¶ 5.) In the next month, the MCF medical staff saw Plaintiff twice for his hernias on June 7 and 17, 2013. (Decl. Roy, ¶ 5.) At that time, Plaintiff

2

had a reducible hernia of three to four centimeters on the right side and a hernia with no bulge on the left side. (Decl. Roy, ¶ 5.)

On referral from the medical staff, the utilization review committee convened on June 27, 2013 to review Plaintiff's condition and determine whether to recommend an outside consultation by a surgeon. (Decl. Roy, ¶ 5.) The committee decided that a surgical consultation was unnecessary because the right hernia was small, stable, reducible, and not a significant health risk. (Decl. Roy, ¶ 5.) To prevent the hernias from enlargement, the committee continued restrictions that limited Plaintiff's participation in athletic activities and prohibited him from lifting more than twenty-five pounds. (Decl. Roy, ¶ 5.)

Approximately two months after committee review, the MCF medical department saw Plaintiff on September 3, 2013 and continued the course of treatment after determining that the hernias were still small and easily reducible. (Decl. Roy, ¶ 5.) One month later on October 7, 2013, Plaintiff returned to the medical unit wearing his hernia belt and reported no pain. (Decl. Roy, ¶ 6.) Eleven days later on October 18, 2013, an MCF physician's assistant evaluated Plaintiff's hernia condition because of complaints by Plaintiff of left lower quadrant tenderness and pain. (Decl. Roy, ¶ 6.) The right hernia was still three centimeters and reducible while the left hernia still had no bulge. (Decl. Roy, ¶ 6.) There was no scrotal involvement on either side, and the physician's assistant continued Plaintiff on a bottom bunk profile, hernia belt and athletic limitations. (Decl. Roy, ¶ 6.)

Eleven days after his October 18 evaluation, the utilization review committee evaluated Plaintiff's condition again and determined that a surgery consultation was still unnecessary and the current course of treatment was sufficient. (Decl. Roy, ¶ 7.) On November 18, 2013, the

utilization review committee reached the same decision for the same reason. (Decl. Roy, ¶ 7.)

On January 6, 2014, Dr. Roy saw Plaintiff and explained that his hernia condition was stable and did not require surgery. (Decl. Roy, ¶ 7.) On three additional occasions in January 2014, the medical staff at MCF evaluated Plaintiff's hernia condition and concluded that it was stable. (Decl. Roy, ¶ 8.) On July 21, 2014, Dr. Roy performed a "focused hernia evaluation" and determined that Plaintiff had a two-centimeter bowel loop on the right side that was palpable but did not "come into the inguinal canal," and was "completely reduced" when Plaintiff lay down. (Decl. Roy, ¶ 8.) On the left side, only a tiny loop of bowel could be felt that was completely reduced when Plaintiff lay down. (Decl. Roy, ¶ 8.) Dr. Roy concluded that the right side hernia had "done well" with the hernia belt and "there is no left side clinical hernia to note." (Decl. Roy, ¶ 8.) Dr. Roy instructed Plaintiff to continue wearing the hernia belt and take Mobic for pain. (Decl. Roy, ¶ 8.)

Based upon his evaluations of Plaintiff and the medical history recounted above, Dr. Roy has concluded that surgery is purely elective and not medically necessary because the hernia condition is not life-threatening or hazardous to Plaintiff's health and "can be safely managed with medication, hernia belt and activity limitations." (Decl. Roy, ¶ 8.) Dr. Roy further explains that, if Plaintiff "believes there has been a change in his hernia, he may come to the medical section at any time and, if his condition warrants, he will be reconsidered for a timely outside referral." (Decl. Roy, ¶ 8.)

Neither defendant sued by Plaintiff has had any direct involvement in Plaintiff's medical care. Because he is not a health care professional, Warden Stone does not direct inmates to

4

receive particular evaluations, medications, or surgical procedures, and he cannot "order medical staff to prescribe or dispense certain medications or to follow some specific course of treatment." (Decl. Stone, ¶¶ 2, 5.) Defendant Stacy Giles is a registered nurse and the Health Services Administrator at MCF. (Decl. Giles, ¶ 1.) Nurse Giles does not deliver direct medical care to patients at MCF, and she is aware of Plaintiff's condition only through review of his medical records. (Decl. Giles, ¶ 1.)

## II.　DISCUSSION

### A.　Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When seeking summary judgment, the movant must show that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at

trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. The Undisputed Facts Show that Plaintiff Cannot Satisfy the Prima Facie Elements of a Deliberate Indifference Claim.

To prevail on his claim for deliberate indifference to a serious medical need, Plaintiff must prove that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010). To satisfy the objective component, a prisoner must demonstrate that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy this second

element, Plaintiff must show that Defendants: (1) were subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Deliberate indifference requires showing more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (internal citation omitted). A mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986).

Even assuming Plaintiff has demonstrated a serious medical need under the first element of a deliberate indifference claim, no reasonable person could find that Defendants Stone and Giles acted with deliberate indifference. The undisputed facts show that Defendants were not subjectively aware of any serious risk of harm from Plaintiff's prescribed course of medical treatment, and that Defendants did not disregard any such risk by a course of action that constitutes more than gross negligence. On the contrary, the undisputed facts show that (1) Plaintiff's condition has been carefully monitored, evaluated, and treated; (2) there is no serious risk of harm in continuing the course of prescribed treatment; and (3) surgery is purely elective because Plaintiff's hernias are minimal. Thus, Plaintiff has failed to raise a genuine issue of material fact as to all three elements required for the subjective component of a deliberate

indifference claim and by extension, cannot show that any injury resulted from wrongful conduct.

Plaintiff's case is remarkably similar to <u>Palazon v. Sec'y for Dep't of Corr.</u>, 361 F. App'x 88 (11th Cir. 2010), where the Eleventh Circuit affirmed a grant of summary judgment against the plaintiff and his claims for deliberate indifference. In that case, a prisoner claimed that the prison's delay in performing surgery on his inguinal hernia constituted deliberate indifference in causing him greater pain than necessary. <u>Id.</u> at 89. Instead of receiving surgery, the plaintiff received a hernia truss, pain medication, and a wheelchair to help him move around. <u>Id.</u> Specifically, the "doctors did not want to operate on the hernia as long as it remained reducible." <u>Id.</u> The Eleventh Circuit reasoned that the care the plaintiff received was not so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness. <u>Id.</u>

In this case, Plaintiff's hernia has been reducible at all times and has remained treatable without surgery. (Decl. Roy, ¶¶ 5- 8.) Plaintiff has received care in the form of a hernia truss, pain medication, and activity limitations. (Decl. Roy, ¶ 5.) Similar to <u>Palazon</u>, Plaintiff's care in this case has not been so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness. 361 F. App'x at 89. Plaintiff simply disagrees with MCF's chosen course of treatment. Such a disagreement cannot form the basis for a deliberate indifference claim. <u>Smith</u>, 375 F. App'x at 910.

In an attempt to prove that surgery is necessary to alleviate and repair his hernias, Plaintiff primarily relies on a printout of discharge instructions from St. Francis Medical Center in 2011, claiming that it recommends surgery. (<u>Id.</u>, p. 5.) These instructions state in pertinent

part: "you should schedule elective surgery at your earliest convenience." (Id., p. 11.) The printout actually supports Defendants' undisputed expert opinion that surgery is elective rather than medically necessary. (Doc. no. 23, p. 11.) In addition, the printout appears to be mere boilerplate because it addresses the care of a baby and has no signature by a doctor. (Id.) At most, the word "should" in the printout demonstrates that surgery might be the most desirable course of treatment in Plaintiff's case. However, receiving the most desirable or ideal treatment is not the Eighth Amendment standard. See Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) ("Unfortunately, as with all medical care provided to prisoners, it is not constitutionally required that mental health care be "perfect, the best obtainable, or even very good.").

Plaintiff also cites an article from the British Medical Journal, an article from the Journal of the American Medical Association, an online article from MedLine Plus, and an online article from the Mayo Clinic. (Doc. no. 23, p. 7.) Plaintiff contends these sources state that "surgery will usually be used for hernias that are getting larger or are painful" and that surgery is the only treatment that can permanently fix a hernia. (Id.) The Court cannot consider these sources because they are inadmissible hearsay evidence and cannot be reduced to admissible form. See Fed. R. Civ. P. 56(e); Fed. R. Evid. 801, 803, 804; Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999). In addition, even if these sources could be considered, they merely offer generic opinions about customary hernia treatment options without any consideration of the Eighth Amendment or Plaintiff's specific medical condition. These sources thus cannot rebut the undisputed medical opinion of Dr. Roy that Plaintiff's hernias are mild, the current course of treatment is sufficient, and surgery is merely elective rather than medically necessary. Because the undisputed facts in this case show that surgery is merely elective given the minimal nature of

the hernias, Plaintiff does not raise a genuine issue of material fact as to his claim of deliberate indifference.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED**, and that a final judgment be **ENTERED** in favor of Defendants.

SO REPORTED and RECOMMENDED this 26th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA