ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 MAR -9 AM 9: 29
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN ALBERTO PAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-065 |
| ) | |
| STACY N. STONE, Warden, and STACY ) | |
| GILES, Health Services Administrator, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. (Doc. nos. 31, 33.) After thorough consideration of the legal arguments by the parties and the undisputed material facts, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. (Doc. no. 27.)

Plaintiff has submitted a motion to supplement the record, (doc. no. 29), with new evidence consisting of a request for surgery by Plaintiff, an approval of an outside consultation by the utilization review committee, and a treatment record dated November 4, 2014 by Dr. Edward Stringer from what appears to be the outside consultation. Because Plaintiff brings the motion over four months after the time for responding to Defendants' motion for summary judgment has passed, the Court **DENIES** the motion. (Doc. no. 29.) Even if the Court were to consider the new evidence, it would not change the outcome, however.

Dr. Stringer's treatment record states that Plaintiff has a "4 centimeter reducible right inguinal hernia" and on the left side "there is a small but reducible inguinal hernia." In the section of the record entitled "Discharge and Follow-up Plan," Dr. Stringer states as follows:

> Although the hernia on the left is small, it is symptomatic for the patient. He also states that it appears to be enlarging. As such repair can be recommended. With regards to the right-sided hernia, this is reducible as well and is also mildly symptomatic. Again, given symptomatology repair would be recommended. Will discuss further with the prison medical director.

In essence, Dr. Stringer confirms the evaluative findings of the many prison evaluators before him that both hernias are small, mild, and reducible. Dr. Stringer recommends surgery not because the hernias are advanced and severe in nature, but instead merely because of Plaintiff's complaints that the left hernia is "symptomatic" and the right hernia is "mildly symptomatic." The findings of Dr. Stringer regarding the current, mild nature of the hernias are entirely consistent with the prior findings of prison medical personnel, as cited and described in the R&R. His mere recommendation of surgery in the face of Plaintiff's subjective complaints falls far short of the evidence needed to show deliberate indifference. Indeed, Dr. Stringer's recommendation of surgery does not address or challenge the opinion of evaluating physician Dr. Joan Roy that surgery is purely elective and not medically necessary because the hernias are not life-threatening or hazardous to Plaintiff's health, and "can be safely managed with medication, hernia belt, and activity limitations." (Doc. no. 19, decl. Roy, ¶ 8.)

Even if Dr. Stringer were to disagree with Dr. Roy, a position not at all suggested by his vague treatment record, there would merely be a difference in medical opinion as to the ideal course of treatment which cannot form the basis for a deliberate indifference claim. See

2

Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Accordingly, the new evidence does not raise a genuine issue of material fact, and Defendants are entitled to summary judgment.

Defendants object that the Court lacks subject-matter jurisdiction over Plaintiff's claims under Minneci v. Pollard, 132 S.Ct. 617 (2012) and Alba v. Montford, 517 F. 3d 1249 (11th Cir. 2008). The court disagrees with Defendants' interpretation that Minecci and Alba concern the Court's subject-matter jurisdiction over Plaintiff's claims under Bivens; these cases address whether a plaintiff can state a claim for relief under Bivens when an adequate state remedy exists. Alba, 517 F.3d at 1252 (applying 12(b)(6) standard); Pollard v. GEO Grp., Inc., 607 F.3d 583, 588 (9th Cir. 2010) (same), rev'd 132 S.Ct. 617 (2012). Thus, the Court retains subject-matter jurisdiction to rule on the merits of Plaintiff's claims as it still involves a federal question under the Eighth Amendment. See 28 U.S.C. § 1331. Although Defendants' argument could present a basis for dismissing Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), this has not been argued, and the Court declines to rule on this basis.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion to supplement the record, (doc. no. 29), **GRANTS** Defendants' motion for summary judgment, (doc. no. 19), **DIRECTS** the Clerk to enter final judgment in favor of Defendants, and **CLOSES** this civil action.

SO ORDERED this ___ day of March, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE